Albert C. Comando, J.
The defendant, Donald Erickson was summoned May 9, 1966, charged with violation of section 501 (subd. 4, par. a) of the Vehicle and Traffic Law of the State of New York, operating a motor vehicle with a junior license during the hours of darkness unaccompanied by a parent or one in loco parentis (Vehicle and Traffic Law, § 501, subd. 1, par. b).
The facts are not in dispute. At the time of the arrest the license possessed by the defendant was a substitute or duplicate license. The original junior license was lost.
The duplicate license failed to contain the restrictions of a junior operator’s license, which was printed on the original license. The defendant had a senior operator as a passenger.
The question is a simple one — does the absence of a notation of conditions relieve the defendant from the duty of complying with the statute?
This court was not able, after considerable research, to find any cases on this particular point.
*150 Section 501 (subd. 1, par. g) states in part that, in the event of the loss of any operator’s license, the operator may file such statement and proof of facts and with a fee of $3, the Commissioner shall issue a duplicate or substitute.
A license is only a privilege and the certificate of license is merely evidence of license. (People v. Sansanese, 17 N Y 2d 302.)
When the status of licensed operator, in relation to the State of New York, was created the limitation provided by the statute covering junior operators became fixed. These limitations could not be extended by any irregularity or insufficient notation upon the duplicate certificate. The essential elements of the offense cannot be made to depend on the present motion of the defendant to dismiss as aimed at the complaint. For this purpose, the allegations of the complaint are considered true. The circumstances of any defense must be developed at a trial. Accordingly defendant’s motion to dismiss is denied. Trial date to be set.